The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-66-JHC |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| WINSTON BURT, | |
| Defendant. | |

This matter, having come to the Court's attention on the government's motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.    **Protected and Sensitive Material.**

   *A.    Protected Material.*  The following documents and materials are deemed Protected Material:

   i.    Grand Jury transcripts and exhibits;

   ii.    Witness statements, including but not limited to reports of law enforcement officers memorializing witness statements; and

   iii.    The personal information related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims and/or witnesses.  As used in this Order, the term "personal information" refers to

PROTECTIVE ORDER - 1
UNITED STATES v. BURT/CR23-66-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 each victim and/or witnesses' date of birth, Social Security number (or other

2 identification information), driver's license number, address, telephone number, location

3 of residence or employment, school records, juvenile criminal records, and other

4 confidential information.  In addition, with respect to any victims in this case, the term

5 "personal information" also includes the name and identity of each victim.

6        The United States will make available copies of the Protected Materials, including

7 those filed under seal, to defense counsel to comply with the government's discovery

8 obligations.  Possession of copies of the Protected Materials is limited to defense counsel,

9 and colleagues, investigators, paralegals, law clerks, experts and assistants for defense

10 counsel (hereinafter collectively referred to as "members of the defense team"):

11        The members of the defense team may share and review the Protected Material

12 with the Defendant.  The members of the defense team acknowledge that providing

13 copies of the Protected Material to the Defendant and other persons is prohibited and

14 agree not to duplicate or provide copies of the Protected Material to the Defendant and

15 other persons.  The exception to this prohibition is the dissemination of electronic copies

16 to the Federal Detention Center at SeaTac, Washington, for use in a controlled

17 environment by Defendant, who is currently in custody there.

18        *B.*   *Sensitive Material.*  The following documents and materials are

19 deemed Sensitive Material:

20        i.   Medical records related to victims and/or witnesses;

21        ii.   Sexually suggestive photographs of victims and/or witnesses,

22 including but not limited to photographs connected to online advertisements for
prostitution;

23        iii.   Graphic and violent photographs and videos of victims and/or

24 witnesses; and

25        iv.   Records containing personal information, including financial

26 or credit card information, dates of birth, and Social Security Information, that are too
voluminous to redact.

27        Possession of Sensitive Material is limited to members of the defense team.  The

28 members of the defense team may not share or review the documents containing

PROTECTIVE ORDER - 2
UNITED STATES v. BURT/CR23-66-JHC

Sensitive Material, or any copies of any documents containing Sensitive Material, in any manner with any other person, including Defendant.  This order, however, does not prohibit the members of the defense team from discussing the contents of documents constituting Sensitive Material with Defendant, as long as the members of the defense team do not share the documents or copies of the documents with Defendant or any other person.  The members of the defense team shall keep any documents containing Sensitive Material secured whenever the documents containing Sensitive Material is not being used in furtherance of their work in the above captioned case.

Additional discovery items may be deemed by the parties to constitute Protective or Sensitive Material upon agreement.

Defense counsel and all members of the defense team are subject to the terms and conditions of this Protective Order.  Defense counsel are required to provide a copy of this Protective Order to members of the defense team, and to inform and ensure compliance with the terms of this Order by other members of the defense team after entry of this Order.

Any outside experts retained by the defense shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

**2.     Filing**

Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all

PROTECTIVE ORDER - 3
UNITED STATES v. BURT/CR23-66-JHC

1  respects to the relevant local and federal rules of criminal procedure pertaining to the

2  sealing of court documents.

3  **3.      Nontermination**

4  The provisions of this Order shall not terminate at the conclusion of this

5  prosecution.

6  **4.      Violation of Any Terms of this Order**

7  Any violation of any term or condition of this Order by the Defendant, his defense

8  counsel, or any member of the defense team, may be held in contempt of court, and/or

9  may be subject to monetary or other sanctions as deemed appropriate by this Court.

10  If the Defendant violates any term or condition of this Order, the United States

11  reserves its right to seek a sentencing enhancement for obstruction of justice, or to file

12  any criminal charges relating to the defendant's violation.

13  **5.      Right to Review**

14  The parties agree that in the event that compliance with this Order makes it

15  difficult for defense counsel to adhere to their Sixth Amendment obligations, or

16  otherwise imposes an unworkable burden on counsel, defense counsel shall bring any

17  concerns about the terms of the Order to the attention of the government.   The parties

18  shall then meet and confer with the intention of finding a mutually acceptable solution.

19  In the event that the parties cannot reach such a solution, defense counsel shall have the

20  right to bring any concerns about the scope or terms of the Order to the attention of the

21  Court.

22  //

23  //

24

25

26

27

28

PROTECTIVE ORDER - 4
UNITED STATES v. BURT/CR23-66-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2        The Clerk of the Court is directed to provide a filed copy of this Protective Order

3 to all counsel of record.

4        DATED this 17th day of May, 2023.

5

6

7                    _____

8        THE HONORABLE JOHN H. CHUN
          UNITED STATES DISTRICT JUDGE

9

10

11 Presented by:

12

13 s/ *Catherine L. Crisham*
   CATHERINE L. CRISHAM

14 Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER - 5
UNITED STATES v. BURT/CR23-66-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970