Peter A. Camiel
Camiel & Chaney, P.S.
Attorneys at Law
2800 First Avenue, Suite 309
Seattle, WA 98121
(206)817-0778
petercamiel@yahoo.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff<br><br>      v.<br><br>Winston Burt,<br><br>      Defendant | Case No. CR23-066-JHC<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

      Winston Burt will appear before this Court on March 10, 2025, to be sentenced on the charges of Sex Trafficking by Force, Fraud, or Coercion, as well as Unlawful Possession of a Firearm.  He entered his guilty pleas to these charges pursuant to a plea agreement under F.R.Cr.P. 11(c)(1)(C).  The charges carry a mandatory minimum term of imprisonment of 15-years.  The parties reached an agreed recommendation of imprisonment for the mandatory minimum term of 15-years to run concurrently with his King County Superior Court state court sentence as well as an agreed recommendation that Mr. Burt serve his term of imprisonment in state custody.  Mr. Burt was sentenced in the King County Superior Court under

DEFENDANT'S SENTENCING MEMORANDUM - 1

case number 22-1-00944-2-SEA on December 13, 2024, to a term of 176-months following his guilty pleas to the charges of:

> Count I: Assault In the Second Degree with a Firearm Enhancement
> Count II: Unlawful Imprisonment
> Count III: Assault in the Third Degree
> Count VI: Assault In The Second Degree
> Count V: Assault In The Second Degree
> Count VI: Drive-By Shooting

The King County charges arise out of the same events that took place on November 5, 2022, and that form the basis for the federal charges here.

## The Charges

The state and federal charges arise out of the same set of facts and involve the same female victim. Without question the charges are quite serious. The victim sustained emotional trauma and physical injuries attributable to Mr. Burt and other women who were present and assaulted her. The victim in the case was an adult throughout the time she was involved with Mr. Burt. Moreover, she had been involved in commercial sex work before ever meeting Mr. Burt and was just coming out of a relationship with a violent pimp who put her in the hospital when she met Mr. Burt.[1] Those facts do not minimize, reduce, or excuse Mr. Burt's conduct and Mr. Burt must be held accountable for his conduct. The agreed sentence of 15-years

---

[1] H.A. testified before the grand jury that right before meeting Mr. Burt she had just gone through being beaten, having her face cut up and needing stitches in her face. She even posted photos of her injuries on her social media pages. She also went back to commercial sex work after leaving Mr. Burt based on California and Wisconsin arrest records and her social media posts dated long after November 5, 2022.

DEFENDANT'S SENTENCING MEMORANDUM - 2

does just that and is sufficient but not greater than necessary to achieve the goals of federal sentencing under 18 U.S.C. § 3553.

### Winston Burt's Life History Which Led to the Offenses

Winston Burt is 33-year-old. He was born in West Covina, California to an 18-year-old mother who was not prepared emotionally or financially to be a parent. His biological parents were never married nor together. By age 4 his father had gone to prison for murder and is serving a life sentence. Since his father has been in prison ever since, he was never a part of Winston Burt's life. His mother had five children with five different men, but Mr. Burt was never close with his half siblings. Many of the men in his mother's life were extremely violent towards her and as a child Winston Burt was constantly exposed to seeing his mother being shoved, slapped, and punched as well as seeing her being constantly verbally abused. His mother dealt with her issues by drinking to excess. The family was on public assistance throughout Winston's childhood. He was often sent to stay with his maternal grandmother when his mother was unable to care for him which was quite often. Mr. Burt told the probation officer he could not recall any happy memories with his mother and could not even recall eating a family meal with her or his siblings. PSR § 110 Even when staying with his grandmother, Mr. Burt recalls his personal belongings being stolen and sold by his grandfather to fuel his own cocaine addiction.

As a young child, Winston struggled at home and in school. He frequently ran away from home. He was in special education classes at school as he struggled to learn to read and write. The only male role models in his childhood were men who abused women including the abuse of his mother. After first being fearful of their behavior toward his mother, he began to believe it was normal behavior because that was what he would see every day. Not surprisingly, without a responsible male role model, Winston Burt began getting into legal trouble as a young teen. At age 12 he broke into a car and was put in juvenile detention. Later that year he was arrested for a home burglary and put in a group home for 6-months. At age 13 he was charged with robbery. Twice before the age of 16 he was shot. Once when he was only 12 years old when he was attending a party where someone shot into the crowd hitting Winston and three others. He was shot in the back and spent two weeks in the hospital. The bullet that was lodged in his back could not be removed due to the closeness to his spine. The bullet is now releasing lead into his system, necessitating the need for surgery for its removal. At age 15 he was again shot as he and some friends drove away from a teen club. The shot shattered his right leg, and he bears a gruesome scar on his leg as a reminder. It was right after being shot at age 15 that he first heard from his imprisoned father in a phone call after many years of no communication. But that single call was the only contact he had with him.

For several years as a teen Winston was placed in the California foster care system and stayed in seven different homes often for only a few months at a time. He went back and forth between juvenile detention and short term foster homes.

His last foster placement was his longest at a home in Riverside where he stayed for one year from age 17 to 18.

He graduated from Arlington Regional High School, a charter school for children with behavioral problems in Riverside California. Shortly after leaving high school, he was arrested again for a burglary and was sentenced to a five-year term of which he served over four-years. Between the ages of 19 and 30 Mr. Burt accumulated several convictions and spent several years in custody.

Mr. Burt's ACE's score is 8. PSR § 126 In the probation sentencing memorandum the probation officer summarized Mr. Burt's upbringing:

> In many ways, it is not surprising, but nonetheless unfortunate that Mr. Burt finds himself once again before the Court. His anti-social orientation appears to be rooted in his dysfunctional childhood, one that was replete with neglect, abuse, and repeated exposure to violence against women. The defendant routinely witnessed his mother suffer physical abuse at the hands of various men who inhabited their home. He lacked any sort of parental influence or youthful guidance. As a young child, his family ceded their responsibility to the foster care system, which failed to provide the defendant with any better living arrangement. Predictably, his lack of direction left an impressionable child vulnerable to such negative influences as street gangs and those involved in criminal activity.

For the past several years Mr. Burt has been addicted to non-prescribed promethazine which contains codeine and which he used every day. On the streets the substance is known as "lean." During a search of his Arizona home several empty bottles of promethazine were located in different places throughout the residence and even in the trunk of his car. Mr. Burt has never previously participated in substance abuse treatment but told the probation officer he believes he would benefit from treatment services.

### Acceptance of Responsibility

Mr. Burt, through his state and federal court guilty pleas had acknowledged the seriousness of the offense. He recognizes the harm he has done to others and offers no excuse or justification for his behavior.[2] He has pled guilty and agreed to a 15-year sentence. The joint recommendation adequately recognizes the seriousness of the offense.

### Conclusion

Mr. Burt's upbringing including the turmoil he experienced in his home, the abuse he both witnessed and experienced, the lack of a responsible male role model and the utter neglect he went through in the California foster care system do not excuse or minimize his offenses. But they do explain how he reached this point in his life. The agreed sentence of 15-years holds Mr. Burt fully accountable for his conduct.

Section 3553(a) clearly states that a sentencing court must impose the minimum term necessary to comply with the goals of sentencing, i.e., just punishment, deterrence, protection of the public, and rehabilitation of the defendant. 18 U.S.C. § 3553(a) (court must impose a sentence that is "sufficient but not greater than necessary, to comply with the purposes of [sentencing].")

---

[2] Mr. Burt disagrees with some of the facts reported by the victim. However, this does not mean that he minimizes his behavior. He takes responsibility for committing the offense of sex trafficking and accepts that he must be held accountable.

Mr. Burt is now age 32 years old.  A sentence of 15 years will mean he will not be released until he is in his late 40's. Mr. Burt is not proud of his decisions to engage in the offense conduct. He does not blame the victims, his family, or his upbringing for his past choices. His decision to engage in this conduct is one he greatly regrets and does not wish to repeat. In that vein, from the confines of his cell, he now recognizes how wrong his conduct was.   He has plans to enter drug treatment and learn vocational skills so he can be a productive member of society. He also hopes to have the opportunity to intervene in the lives of other young men so they don't take the wrong path that he has taken.

Dated this 3rd day of March, 2025.

/s/Peter A. Camiel

Peter A. Camiel WBSA 12596

DEFENDANT'S SENTENCING MEMORANDUM - 7